At the circuit court hearing, ordered by this court, the appellant denied the crime, and presented a witness to bolster his version of the events. He tracked his affidavit in testifying that he was told that the district attorney would try to see that he was sentenced to life without parole.
The evidence indicates that he was charged on this occasion with first degree robbery and first degree theft of an automobile. He had prior convictions for two murders and a burglary. Had he been convicted in this case of first degree robbery, a class A felony, the Habitual Felony Offender Act would have mandated a sentence of life without parole. He, in fact, plea bargained and pleaded guilty to first degree theft, a class B felony, and received a sentence of life imprisonment, a lesser sentence.
Graves's attorney testified to having five or six conferences totaling five or six hours' time with him instead of the single fifteen minute conference claimed by Graves. The state opened its file to the attorney. The state's evidence was that Graves had threatened to "blow [the] brains out" of the victim if he did not exit his car and leave it with him. Graves then drove away and later pawned the car. The victim had to walk back to town from Owls Hollow, the area in which he had been forced out of the car at gunpoint. The attorney testified that he did talk with the *Page 96 
victim. At the time of the coram nobis hearing, the victim was deceased.
Upon review, it is very clear that the court did not err in concluding that the grounds alleged in support of the petition for writ of error coram nobis were not proved, and the circuit court did not err in denying the writ.
OPINION EXTENDED;
AFFIRMED.
All the Judges concur.